UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF MICHIGAN

SCA AIG, INC., a Michigan corporation,

doing business as @ Michigan Inn and Lodge,

                    Plaintiff,

v.

HotelEngine Inc., a Delaware corporation,

also known as Hotel Engine, and 3LEGGEDSTOOL,

LLC, also known as Clear Choice Retail Services,

and CCRS Global, an Arkansas limited

liability company,

                    Defendants.

Case No.

Judge:

**COMPLAINT**

NOW COMES, the Plaintiffs, SCA AIG, INC., hereinafter referred to as SCA AIG

through counsel and for its complaint against the Defendants, HotelEngine, Inc., hereinafter

referred to as HotelEngine, and 3LEGGEDSTOOL, LLC, hereinafter referred to as 3LEGGED,

states as follows:

**COUNT I**

**INTRODUCTION, JURISDICTION AND VENUE**

1. The Plaintiff, SCA AIG, is a Michigan corporation with its registered office located at

1010 S. Beacon Blvd., Grand Haven, Michigan 49417. The Plaintiff operates under an assumed

name of @ Michigan Inn and Lodge. The primary location for the operation of the Plaintiff's

hotel business was 1420 US-131, Petoskey, MI 49770.

2. The Defendant, HotelEngine, is a Delaware corporation with its principal place of

business located at 950 South Cherry Street, 10th Floor, Denver, CO 80246. The Plaintiff is under

the information and belief that the principal business of the Defendant is that of a travel

management business, and as such, Defendant acting as a private booking platform arranges,

reserves and performs in obtaining hotel rooms for its members, which includes, however is not

limited to, consolidated billing functions for their members on their platform.

3. The Defendant, 3LEGGED, an Arkansas limited liability company, is a project

management and project execution business located at 2905 S. Walton Blvd., Bentonville, AR

72712. During those times complained of within this Complaint, the Plaintiff is under the

information and belief 3LEGGED was a platform member to Hotel Engine.

4. Jurisdiction and Venue.

    a. The controversy entails an issue of non-payment of services concerning the

    Plaintiff whose principal place of business is in the Western District of Michigan, and the

    Defendants, HotelEngine, who has a principal place of business located in Denver,

    Colorado, and 3 LEGGED who has a principal place of business is located in

    Bentonville. Arkansas, as more fully herein stated. (Diversity of Jurisdiction).

    b. The amount of controversy exceeds $75,000.00, exclusive of costs, interest and

fees.

    c. Pursuant to U.S.C., Section 1391 and U.S.C., Section 1332, jurisdiction and

    venue are proper in the United States District Court, Western District of Michigan.

## COUNT II

## BREACH OF LODGING AGREEMENT

5. That the Plaintiff, SCA AIG, restates those allegations contained in Count I, Paragraphs 1 through 4, as though fully set out herein.

6. The Plaintiff, SCA AIG, is under the information and belief that Defendant, 3LEGGED, utilized the platform of the Defendant, Hotel Engine, in arranging hotel transient accommodations, consisting of 14 hotel rooms from the Plaintiff for the period commencing on January 5, 2024, and continuing through April 30, 2024.

7. Defendant, HotelEngine, through its platform, arranged the reservation of rooms and ensured payment of the same. Furthermore, Defendant, Hotel Engine, negotiated a block price for the rooms with the Plaintiff, SCA AIG, for an agreed upon price of Ninety-One Thousand Three Hundred Fifty-One and 68 Dollars ($91,351.68). Further, the Plaintiff, SCA AIG, provided the block of rooms for that period of time as hereinabove stated.

8. Defendant, Hotel Engine, utilized the merchant service account of the Plaintiff, North American Bancard and attempted to tender payment on January 5, 2024.

9. The Plaintiff is under the information and belief, that due to the amount of the transaction, the payment transaction was flagged for review by North American Bancard. During the time of review, the funds remined in a pending status, however, as of April 3, 2024, even though the services rendered were confirmed, due to the delay of time between the authorization and the validation of the sale, the authorization expired. The funds were never captured and reverted back to the Defendants, HotelEngine and/or 3LEGGED.

10. The Plaintiff is further under the information and belief that North American Bancard notified the Defendant, HotelEngine on April 23, 2024, that the funds reverted back to the said Defendant, HotelEngine.

10. The Plaintiff has notified Defendant, HotelEngine of the non-payment of the services and the Plaintiff's claim for the amount due and owing, see Exhibit "A"; attached hereto and incorporated by reference herein. The Defendants, HotelEngine and 3LEGGED, have refused the payment for the services.

11. The Defendants, Hotel Engine and 3LEGGED, due to the refusal to tender payment for the services as agreed, remains indebted to the Plaintiff in the sum Ninety-One Thousand Three Hundred Fifty-One and 68 Dollars ($91,351.68). The plaintiff claims the amount due and owing.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, SCA AIG, INC., doing business as @ Michigan Inn and Lodge, requests judgment against the Defendants, HotelEngine, Inc., a/k/a Hotel Engine, and, 3LEGGEDSTOOL, LLC, also known as Clear Choice Retail Services and CCRS Global, jointly and severally, as follows:

a. General and compensatory damages according to proof;

b. Attorney fees pursuant to Michigan law, if Plaintiff is deemed the prevailing party;

c. For all costs of the suit;

d. Prejudgment interest pursuant to Michigan law; and,

e. Such other and further relief as the Court may deem just and proper.

Dated: December 23, 2024.

Respectfully submitted

Law Office of Thomas L. Riegler


/s/ Thomas L. Riegler
Thomas L. Riegler P28510
Attorney for the Plaintiff
16 Andrea Drive
New Smyrna Beach, FL 32168
616-953-0684
tlriegler@gmail.com

VERIFICATION

Rakesh B. Patel, being duly sworn, deposes and says:

I am a shareholder of the Plaintiff, SCA AIG, INC., and am possessed of the facts to make this

verification. I have read the foregoing complaint and know the contents thereof. Under penalty of

perjury the same are true and correct to my knowledge, except as to matters therein stated to be

alleged on information and belief and as to those matters, I believe them to be true.

Dated: ~~November~~ 16 , 2024.
       December

_____
Rakesh B. Patel


Sworn to before me this _16th_ day of _December_ , 2024.

_____
Notary Public
My commission expires: 3/14/2026

AUSTIN FLEENER
NOTARY PUBLIC - MICHIGAN
MUSKEGON COUNTY
MY COMMISSION EXPIRES 03/14/2026
ACTING IN _Ottawa_ COUNTY